UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
IN RE MERRILL LYNCH AUCTION RATE    :    Master File No.:
SECURITIES LITIGATION               :    No. 09-md-2030 (LAP)
---------------------------------:
THIS DOCUMENT RELATES TO            :    **ECF Case**
NO. 1:08-CV-3037 (LAP)              :    **Electronically Filed**
---------------------------------x


**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' SURREPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFFS' "FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT"**


Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Defendants Merrill Lynch & Co., Inc.
  and Merrill Lynch, Pierce, Fenner &
  Smith Incorporated

Pursuant to this Court's Order dated December 4, 2009, Defendants respectfully submit this Response to Lead Plaintiffs' Surreply Memorandum of Law in Opposition to Defendants' Motion to Dismiss Lead Plaintiffs' "First Amended Consolidated Class Action Complaint" (the "Surreply") to address three arguments raised for the first time in the Surreply.

### I. Plaintiffs' New Reliance Arguments Should Be Rejected.

Heretofore, Plaintiffs argued that they had adequately pled reliance because "they did not know about the comprehensive scheme alleged in the Complaint and presumed that those securities traded in an efficient market free of manipulation." (Pl. Opp. Br. at 33) In response, Merrill pointed out that Plaintiffs' purported reliance was unreasonable because Merrill's disclosures specifically warned that Merrill's bidding at auctions was likely to affect rates. (*See* Def. Reply Br. at 7-8, 18) As Merrill's disclosures refute Plaintiffs' reliance argument, on Surreply, Plaintiffs offer new theories of reliance; but those new theories fare no better than their original argument.

In their Surreply, Plaintiffs argue that "reliance may be presumed under *Affiliated Ute Citizens v. U.S.*, 406 U.S. 128, 153-54 (1972), as the defendants failed to disclose material facts." (Surreply at 6) Notably, the *Affiliated Ute* presumption of reliance only applies in cases "involving *primarily* a failure to disclose." 406 U.S. at 153-54 (emphasis added). *See also Amish Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 940-41 (9th Cir. 2009) (holding that the *Affiliated Ute* presumption does not apply in a market manipulation action).[1] Plaintiffs' belated

---

[1] Judge Scheindlin disagreed with *Amish Desai* in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS), 2009 U.S. Dist. LEXIS 93162, at *76-80 (S.D.N.Y. Oct. 6, 2009), holding that the *Affiliated Ute* presumption could apply to a market manipulation case; however, that holding conflicts with the plain language of *Affiliated Ute,* which holds that the presumption of reliance only applies in cases "involving primarily a failure to disclose." 406 U.S. at 153-54.

invocation of the *Affiliated Ute* presumption is inconsistent with their previous position that their case is **not** based primarily on defendants' alleged misrepresentations and omissions. (*See* Pl. Opp. Br. at 15-16, 36-37) In fact, Plaintiffs have expressly disavowed an intent to pursue a claim under Rule 10b-5(b), which applies to misrepresentations and omissions. (*See* Pl. Opp. Br. at 36-37 (stating that "Plaintiffs have not plead a claim under Rule 10b-5(b)") In any event, recasting their claims as omissions-based does not save those claims from dismissal: the Complaint fails to state a claim based on omission because, among many reasons, the purportedly omitted facts were disclosed by Merrill. (*See* Def. Op. Br. at 33-44, Def. Reply Br. at 5, 6-7)

Plaintiffs' Surreply also cites two new cases, *Competitive Associates., Inc. v. Laventhol, Krekstein, Horwath & Horwath*, 516 F.2d 811, 814 (2d Cir. 1975) and *Dietrich v. Bauer*, 76 F. Supp. 2d 312, 342 (S.D.N.Y. 1999), for the proposition that pleading reliance is not "even necessary where, as here, the defendants have engaged in a comprehensive scheme to manipulate the market." (Surreply at 5-6) That older case law does not alter the settled requirement in the Second Circuit that to establish a market manipulation claim under Section 10(b), Plaintiffs must allege "damage ... caused by reliance on an assumption of an efficient market free of manipulation." *ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007). Plaintiffs attempt to sidestep their requirement to plead reliance should be rejected as inconsistent with *ATSI*.

**II.     Merrill Complied With Any Duties It Had As An Underwriter.**

Plaintiffs next argue, based on *SEC v. Tambone*, 550 F.3d 106, 134-35 (1st Cir. 2008), that Merrill had special duties "as an underwriter of ML ARS and as a market manipulator" to ensure that Merrill's disclosures to its customers were also received by downstream purchasers such as Plaintiffs. (*See* Surreply at 5) But *Tambone* merely holds that

2

"an underwriter impliedly makes a statement of its own to potential investors that it has a reasonable basis to believe that the information contained in the prospectus it uses to offer or sell securities is truthful and complete." *Id.* at 135. Here, Merrill complied with any such duty because its role as a bidder in the auctions, as well as the effect that its bidding may have on rates, were disclosed in the prospectuses (*see* Def. Op. Br. at 13-14) and Merrill's disclosures to its customers. (*See id.* at 11-13)

Finally, the Surreply mischaracterizes Merrill's position as asserting that its "disclosures were designed for its own customers only, and therefore Plaintiffs cannot complain that Merrill's disclosures were inadequate." (Surreply at 5) To the contrary, Merrill's disclosures were more than adequate and, through their public availability on Merrill's website, those disclosures advised the market of the very facts Plaintiffs contend were not disclosed. (*See* Def. Op. Br. at 11-15)

## CONCLUSION

For all of the reasons set forth above and in Merrill's prior briefs, the motion to dismiss the Complaint in its entirety should be granted with prejudice.

Dated:     New York, New York
           December 8, 2009

                                    Respectfully submitted,

                                    /s/ Jay B. Kasner
                                    _____
                                    Jay B. Kasner (jay.kasner@skadden.com)
                                    Scott D. Musoff (scott.musoff@skadden.com)
                                    SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                    Four Times Square
                                    New York, New York  10036
                                    (212) 735-3000

3