KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

June 10, 2010

**By ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re Merrill Lynch & Co., Inc. Auction Rate Sec. (ARS) Mktg. Litig.*, No. 1:09-md-2030-LAP

*The Anschutz Corporation v. Merrill Lynch & Co., Inc., et. al.*, No. 1:09-cv-09888-LAP

Dear Chief Judge Preska:

We represent Plaintiff The Anschutz Corporation ("TAC") in the above-captioned cases and write to inform the Court that on June 1, 2010, the California Superior Court for the County of San Francisco issued an order rejecting several of the exact same arguments raised by the Rating Agency Defendants (S&P and Moody's) in this case. *See California Pub. Employees' Retirement Sys. v. Moody's Corp.*, No. CGC-09-490241, slip op. (June 1, 2010) ("*CalPERS*"). A copy of that decision is enclosed.

In *CalPERS*, the plaintiff – a large pension fund for government employees – sued the three major credit rating agencies (S&P, Moody's, and Fitch), alleging that these defendants assigned false and misleading ratings to three Structured Investment Vehicles ("SIVs"). *See id.* at 3-5. The plaintiff brought claims for negligent misrepresentation and negligent interference with prospective economic advantage arising out of its purchase of $1.3 billion of commercial paper and corporate notes issued by the SIVs, which are now substantially impaired. The rating agency defendants filed a demurrer seeking dismissal of the complaint, which the court overruled in relevant part.

*First*, the court concluded that "New York's Martin Act does not apply to preempt Plaintiff's claims" against the rating agencies. *Id.* at 6. The rating agencies in *CalPERS*, like Moody's and S&P here, had argued that New York has a strong policy interest in "providing

foreseeability and clarity" about the state laws to which they are subject. The court rejected that contention, noting that "it is certain that if a New York entity sells something or uses its ratings to entice a buyer in a different forum, then it runs the risk of being subjected to that forum's law regarding access to the courts." *Id.* at 7-8. The court also emphasized that New York does not have "the power to give tort immunity to its citizens for acts committed anywhere in the country." *Id.* at 8.

*Second*, the court rejected the rating agencies' assertion that the plaintiff's claims were barred by the First Amendment. *See id.* at 8-9. In particular, the court noted that the credit ratings of the SIVs in question were "not . . . issue[s] of public concern," but were instead "economic activit[ies] designed for a limited target for the purpose of making money." *Id.* at 8. The court thus concluded that the ratings are "not something that should be afforded First Amendment protection," particularly where those ratings are issued "'in connection with a private placement to a select group of investors.'" *Id.* at 8-9 (quoting *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 175-76 (S.D.N.Y. 2009)).

*Third*, the court rejected the rating agencies' argument that the Credit Rating Agency Reform Act ("CRARA"), 15 U.S.C. § 78o-7, preempted the plaintiff's common-law claims. In so holding, the court reasoned that "[a] claim for negligence under state law does not intrude, *in any way*, on Congress' ability to set standards for the ratings agencies," and that CRARA "does not state that ratings that fall within the parameters of the federal law, if violative of state law, are inactionable." *CalPERS*, slip op. at 9 (emphasis added). The court further found no basis in the text of CRARA for providing "complete immunity to the Rating Agencies from any state activity that could impose ratings-related liability." *Id.*

*Finally*, having rejected the defendants' assertions that the plaintiff's claims were preempted by the Martin Act and CRARA, or were barred by the First Amendment, the court went on to conclude that the plaintiff had stated a claim for negligent misrepresentation under California law. *See id.* at 10.

Consistent with the court's decision in *CalPERS v. Moody's*, and for all the reasons set forth in TAC's opposition to the Rating Agency Defendants' motion to dismiss, that motion should be denied in its entirety.

Respectfully submitted,

/s/ David L. Schwarz

David L. Schwarz

Enclosure

cc: All Counsel (by ECF)